# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

                Plaintiff,

v.

ANTONIO CHAVEZ,

                Defendant.

Case No. 18-CV-1532-JPS

**ORDER**

      Plaintiff Raymond J. Bergeron Davila, who is incarcerated at the Racine County Jail (the "Jail"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee in his case. (Docket #7).[1] The Court proceeds to screen the complaint.

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] On November 9, 2018, Plaintiff filed a confusing motion that either asks the Court to waive payment of an initial partial filing fee, or to waive payment of *any* fees in this case. (Docket #8). The first request is moot. The second request will not be granted. Plaintiff owes the full filing fee simply by virtue of having filed this action. The Court has merely ruled that he need not *prepay* that sum. Plaintiff's motion will, therefore, be denied.

that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on April 27, 2016, while he was incarcerated in the Jail, staff responded to his attempted suicide. (Docket #1 at 2). Plaintiff was taken to and secured in a restraint chair. *Id.* Defendant allegedly hit Plaintiff in the chest while he was restrained. *Id.* Plaintiff says this caused him pain and sleeplessness for two days. *Id.* at 3. Plaintiff further alleges that Defendant threatened to hit him again if he complained about the first punch. *Id.*

Plaintiff raises a claim for excessive force, and because he was a pretrial detainee at the time of the relevant incident, his claim arises under the Due Process Clause of the Fourteenth Amendment. In the excessive force context, the Due Process Clause, which prohibits all "punishment," affords broader protection than the Eighth Amendment's protection against only punishment that is "cruel and unusual." *See Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996).

The Fourteenth Amendment prohibits the "objectively unreasonable" use of force on a pre-trial detainee. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Objective reasonableness "turns on the facts and circumstances of each particular case," and the court must make this determination "from the perspective of a reasonable officer on the scene." *Id.* The court must also account for the jail officials' need to "preserve internal order and discipline and to maintain institutional security." *Id.* (quotation omitted). Considerations that bear on the reasonableness or unreasonableness of the force used may include, among other things: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* Taking Plaintiff's allegations as true, it does not appear that he posed any threat which required Defendant to strike him. Whether the facts bear this out must be left for another day.

Plaintiff further suggests that Defendant violated his right of access to the courts, but he will not be allowed to proceed on such a claim. Prisoners do have a right to access the court system. *Lehn v. Holmes*, 364 F.3d 862, 865–66 (7th Cir. 2004). Correctional officers "must respect that right by

not impeding prisoners' efforts to pursue legal claims." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). To state an access-to-courts claim, Plaintiff needed to allege that "prison officials failed to assist in the preparation and filing of meaningful legal papers [and] some quantum of detriment caused by the challenged conduct[.]" *Lehn*, 364 F.3d at 868 (quotation omitted). Assuming without deciding that Defendant's threat somehow interfered with Plaintiff's ability to access the court system, he suffered no prejudice. Plaintiff has not shown that the threat resulted in "an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz*, 561 F.3d at 671 (quotation omitted).

Therefore, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): The use of excessive force against Plaintiff, in violation of the Fourteenth Amendment, by Defendant on April 27, 2016.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the filing fee in this matter (Docket #8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S.

Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As

each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge